[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION MOTION FOR SANCTIONS #258 MOTION FOR RECONSIDERATION #263
CT Page 5407
Pursuant to Practice Book §§ 10-5 and 2-44, the defendant, Benjamin Gyadu, filed a motion for sanctions against the Law Office of Eugene Melchionne to "discourage its unending fraudulent maneuvers and dishonest acts by which it has been misleading various courts. . . . "[1] The crux of the defendant's argument is that the law office misled the court, in its most recent motion to reopen judgment,[2] by arguing that there were no pending appeals. The defendant argues that the appeal period on the Appellate Court's dismissal of his motion for reconsideration had not expired and, therefore, the law office could not have honestly made such an argument in its motion to reopen judgment.[3]
The defendant further argues that the law office deliberately filed the motion prematurely in an attempt to "defraud" him of justice.
A review of this case indicates that it has quite a convoluted procedural history. The underlying case originated as a foreclosure action in April, 1994. The case file is voluminous, consisting of over 260 combined pleadings, motions, objections, etcetera. Furthermore, the defendant has appealed numerous decisions at various stages of this case, thereby adding to its complexity.
The court finds no persuasive evidence indicating that the law office filed its motion to reopen judgment on December 13, 2000, with any dishonest, malicious or improper motives. The law office certainly could have been confused with the dates and state of the pleadings when it filed its motion to reopen judgment. Moreover, the court was not misled in any way because it denied the motion, through its clerk, on January 2, 2001. Consequently, the defendant's motion for sanctions is denied.
 Motion for Reconsideration # 263
On December 19, 2000, this court, denied the defendant's motion for sanctions against the plaintiff's attorney. The court found that the plaintiff's premature filing of its motion to reopen judgment on October 20, 2000, was "more a matter of confusion and bona fide error in light of parallel paths of motions pending before both the Appellate and Supreme Courts at or about the same time." On January 3, 2001, the defendant filed a motion for reconsideration of that decision on the grounds that there is new evidence and the need to correct a clear error of law.
"The granting of a motion for reconsideration, pursuant to Practice Book § [11-12], is within the sound discretion of the trial court. . . . The court is not precluded from reexamining its own decision, within a reasonable time after its rendition, if it appears that otherwise CT Page 5408 injustice may result . . . (Citations omitted; internal quotation marks omitted.) Sammarco v. Hillside Village Condominium Assn., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 403926 (January 5, 1998, Levin, J.).
In his motion for reconsideration, the defendant fails to demonstrate that the court committed an error of law in denying his motion for sanctions on December 19, 2000. Similarly, the defendant fails to provide new evidence that would justify the granting of his motion for reconsideration. As previously noted, the court found that the plaintiff's filing of its motion to reopen judgment on December 13, 2000, was not a dishonest or fraudulent act. In accord with the foregoing, the defendant's motion for reconsideration is denied.
 ___________________, J. THOMAS G. WEST